**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MELISSA DIANE GARCIA                                                              PLAINTIFF

4:20-cv-00843-LPR-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.   The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.   The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy must be served on the opposing party.   The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Melissa Diane Garcia, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits.   Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was forty-five years old at the time of the instant administrative hearing.   (Tr. 29.) She testified she went as far as the eleventh grade in school.   (*Id.*)   She has past relevant work as a babysitter, hand packager, cashier checker, and furniture assembler.   (Tr. 17.)

The ALJ[1] found Ms. Garcia had not engaged in substantial gainful activity May 2, 2017. (Tr. 12.)   She has "severe" impairments in the form of "obesity with a history of gastric bypass; endometriosis with a history of hysterectomy; degenerative changes of the cervical and lumbar spine; arthritis; a history of heel spurs and plantar fasciitis; depression; anxiety; and personality disorder."   (Tr. 13.) The ALJ further found Ms. Garcia did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P,

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Appendix 1.[2]   (Tr. 13-14.)

The ALJ determined Ms. Garcia had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments.  (Tr. 14-15.)  The ALJ assessed Ms. Garcia could no longer perform any of her past relevant work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 47-50), the ALJ determined she could perform the jobs of price marker, cleaner/housekeeper, and produce weigher.  (Tr. 18.) Accordingly, the ALJ determined Ms. Garcia was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

Plaintiff challenges the ALJ's assessment of her mental residual functional capacity. (Doc. No. 15 at 7-16.)  She specifically argues that the ALJ erred by 1) failing to incorporate limitations to address the "moderate" limitations he found on Plaintiff's ability to concentrate, persist, or maintain pace; and 2) failing to give adequate weight to Plaintiff's therapist, Stephanie Tidwell, LCSW.

With regard to Plaintiff's first argument, I am persuaded by the Commissioner's response regarding the ALJ's "moderate" limitations determined at Steps 2 and 3 of the sequential analysis. Social Security Ruling 96–8p states:

> The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

(*Id.*)

Furthermore, as the Commissioner notes, the ALJ specifically stated these limitations were only used to rate the severity of Plaintiff's mental impairments at steps two and three.   (Tr. 14). Accordingly, I find Plaintiff's argument on this point to be without merit.

I also find no reversible error with regard to the ALJ's assessment of the opinions of her therapist, Ms. Tidwell.   Ms. Tidwell provided a "Medical Source Statement – Mental" dated November 29, 2016.   (Tr. 414-415.)   In assessing her opinions, the ALJ stated:

> In 2016 Provider [Stephanie Tidwell], LMSW, from Families Inc. submitted a checkbox form opinion (5F). The provider checked boxes for moderate to marked limitations in most areas of mental functioning except mild limitations in understanding and remembering work place instructions. The opinion is not persuasive as a statement of the claimant's current conditions. The dates from the time of the prior ALJ's decision. In addition, the checkbox form includes no narrative explanation of the boxes checked and no citation to any supporting evidence in the treatment record. Overall, the opinion is not consistent with the longitudinal record showing generally conservative treatment with routine medications and therapy provided by Families Inc. and other providers, except for one brief inpatient visit. In addition, Families Inc. subsequently discharged the claimant from treatment due to noncompliance, by repeatedly failing to attend appointments.

(Tr. 16.)

While I agree with Plaintiff that the date and check box form of the statement should not necessarily be dispositive, the ALJ could rightly discount Ms. Tidwell's Medical Source Statement.   Most significant was the fact Ms. Tidwell's opinions were inconsistent with her overall treatment notes.   (Tr. 842-843, 871, 963, 966, 983, 1009-1014, 1272, 1275-1277.)   It is also significant that Ms. Garcia was discharged from Families Inc. for noncompliance. Additionally, other mental health professionals have provided opinions that support the ALJ's

4

determination that Plaintiff was capable of performing a reduced range of light work.   (Tr. 104-105, 146-149, 371-381, 383-387.)

The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff had the residual functional capacity to perform a reduced range of light work activities.   Accordingly, I find no basis to overturn the ALJ's residual functional capacity assessment.   Ms. Garcia clearly has limitations and some serious medical and mental health issues.   However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff clearly suffers from some degree of limitation.   And her counsel has done an admirable job advocating for her rights in this case.   However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).   A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

5

the hearing, and the medical and other evidence.    There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of August 2021.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE

6