**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MELISSA DIANE GARCIA**                                        **PLAINTIFF**

**V.**                          **CASE NO. 4:20-CV-00843-LPR-JJV**

**KILOLO KIJAKAZI,**
**Acting Commissioner,**
**Social Security Administration**                              **DEFENDANT**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations ("RD") submitted by United States Magistrate Judge Joe J. Volpe.   After a careful, *de novo* review of the RD, the timely objections received thereto, and the entire record, the Court approves and adopts the RD as this Court's findings in all respects, with the exceptions discussed below.

In her objections, Plaintiff maintains that the ALJ committed error by failing to incorporate limitations in the RFC to address the "moderate" limitation he found on Plaintiff's ability to concentrate, persist, or maintain pace.   The RD rejected this argument, finding that the moderate limitation only applied to Steps Two and Three of the sequential analysis and thus had no bearing on the Plaintiff's RFC.   Plaintiff contends that the RD failed to acknowledge the full scope of legal precedent and cites *Newton v. Chater*[1] for the proposition that an RFC limiting Plaintiff to only simple work is insufficient to accommodate the moderate limitation in concentrating, persisting, or maintaining pace.

Plaintiff's objection is well-taken but fails to win the day here.   Plaintiff's RFC restricted her to light, unskilled work, where she could understand and remember simple instructions, and could sustain attention and concentration to complete simple tasks with regular breaks every two

---

[1] 92 F.3d 688, 695 (8th Cir. 1996).

hours. The Court finds this RFC sufficiently accounts for the moderate limitation the ALJ found at Steps Two and Three.[2]

Plaintiff also objects to the RD's finding that the ALJ could properly discount opinion evidence from her therapist as being inconsistent with the provider's own treatment notes, since this was not a rationale underlying the ALJ's decision.   Any error in this regard was harmless because the RD provided several other justifications for affirming the ALJ's decision. First, the opinion was in "check box" format with no narrative explanation of the boxes checked and no citation to any supporting evidence in the treatment record.[3]   Second, the opinion was dated before the relevant time period [4]   Third, Plaintiff was discharged from the provider's practice for noncompliance because she repeatedly failed to attend therapy appointments.[5] Fourth, the ALJ found the opinion was inconsistent with the medical evidence.[6] The ALJ did not err in affording the opinion less weight.

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED. Judgment will be entered in favor of the Defendant.

DATED this 5th day of November, 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[2] *See Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (moderate limitation in concentration, persistence, or pace is "consistent with being able to understand, remember, and carry out simple instructions while performing non-detailed tasks").

[3] *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (checkbox forms that fail to cite medical evidence or provide elaboration for the boxes checked possess "little evidentiary value" and ALJ can afford less weight to such assessments "on that basis alone").

[4] *See Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) (medical opinion outside of relevant time period does not bear much weight).

[5] *See Owen v. Astrue*, 551 F.3d 792 (8th Cir. 2008) ("[A] claimant's noncompliance can constitute evidence that is inconsistent with a treating physician's medical opinion and, therefore, can be considered in determining whether to give that opinion controlling weight.").

[6] *See Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010) (ALJ may afford less weight to opinions which are inconsistent with medical evidence as a whole).